Valariea HARPS, Plaintiff–Appellee,

v.

COUNTY OF LOS ANGELES; Greer Davis, Defendants–Appellants,

and

DPSS: Does through 30, inclusive, Defendants.

No. 99–56795.

D.C. No. CV–96–04740–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 25, 2001.

Hawaii, sitting by designation.

Before HUG, DUHÉ,[1] and TALLMAN, Circuit Judges.

## MEMORANDUM [2]

The County of Los Angeles appeals the district court's award of attorneys' fees to Plaintiff–Appellee Valariea Harps in her 42 U.S.C. § 1983 action alleging that she was wrongfully arrested. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we REVERSE. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

The County argues that the district court erred in awarding Harps attorneys' fees pursuant to the terms of a settlement agreement because the parties never entered into a binding settlement agreement. This Court relies on basic principles of state contract law in interpreting a settlement agreement. *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989). California law requires mutual assent of the parties to form a valid contract. *Meyer v. Benko,* 55 Cal.App.3d 937, 127 Cal. Rptr. 846, 848 (Cal.Ct.App.1976). Whether mutual assent existed is determined by objective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. *Id.*

The parties here had discussed attorneys' fees in previous settlement offers and, based on the offers made and rejected, these fees were a material part of the negotiations. Thus, without the parties' mutual assent as to whether the settlement waived such fees, there is no enforceable contract. *Id.* At the time of the settlement conference at issue, neither Harps nor her attorney had seen the terms of the release that Harps was required to sign as a condition of the settlement. Counsel for the County agreed to submit the release to Harps and stated that if there were any problems with it they could discuss and hopefully resolve them. Considering (1) the previous offers rejected over the issue of attorneys' fees, (2) that Harps and her attorney had not seen the general release, and (3) that the parties did not discuss attorneys' fees in the challenged settlement conference, compels an objective conclusion that there was no mutual assent and no enforceable contract.

---

1. The Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Harps also argues that the County's position on appeal that there is no agreement is inconsistent with the County's previous attempt to enforce the agreement. We disagree. The agreement the County sought to enforce required Harps to sign its general release form that waived attorneys' fees. The district court expressly struggled over whether there was an enforceable agreement. This is entirely consistent with the County's argument on appeal that if what it understood to be the terms of the agreement were not the actual terms, then there was no meeting of the minds of the parties and, thus, no enforceable agreement.

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.